

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00126-CR

Bernadette **PERUSQUIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2009CRN000882-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  June 12, 2013

AFFIRMED

Bernadette Perusquia was convicted by a jury of murder. On appeal, Bernadette contends the trial court erred by: (1) excluding evidence of specific prior acts of violence committed by the victim, Juan Perusquia, because Bernadette raised the issue of self-defense and claimed Juan was the first aggressor; and (2) erroneously reading the written jury charge on self-defense. We affirm the trial court's judgment.

## SPECIFIC ACTS OF VIOLENCE

Bernadette's defense at trial was that she shot Juan, her husband, in self-defense because he was close enough to lunge at her and was going to kill her. Bernadette testified that she pulled a gun from her waistband thinking that the gun would stop Juan from continuing to advance towards her. Bernadette had hidden the gun in her waistband to prevent Juan from obtaining the gun during an argument in which Juan had already knocked her over a recliner, pulled her down on the bed, and grabbed her breasts and genital area. When Juan continued to advance towards her, she shot him. Bernadette testified that she was instructed during her training for a concealed handgun license to show the gun to the attacker in an attempt to frighten him, but to shoot if the effort to frighten the attacker did not work.

To support her defensive theory, Bernadette sought to introduce testimony from Juan's first wife of his specific violent acts towards her. Although the trial court permitted Juan's first wife to testify regarding Juan's character for violence, the trial court excluded the testimony of the specific violent acts.

"A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard." *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). We may not reverse a trial court's ruling "unless that ruling falls outside the zone of reasonable disagreement." *Id*.

"The rules of evidence permit the defendant to offer evidence concerning the victim's character for violence or aggression on two separate theories when the defendant is charged with an assaultive offense." *Ex parte Miller*, 330 S.W.3d 610, 618 (Tex. Crim. App. 2009). "First, the defendant may offer reputation or opinion testimony or evidence of specific prior acts of violence by the victim to show the 'reasonableness of the defendant's claim of apprehension of danger' from the victim." *Id*. "Second, a defendant may offer evidence of the victim's character

trait for violence to demonstrate that the victim was, in fact, the first aggressor." *Id*. at 619. Bernadette relies only on this second theory in arguing the trial court improperly excluded the evidence in the instant case.

When a defendant offers evidence of the victim's character for violence to demonstrate the victim was the first aggressor, "he may do so *only* through reputation and opinion testimony under Rule 405(a)." *Id*. (emphasis in the original). "[T]he defendant may *not* offer evidence of the victim's prior specific acts of violence to prove the victim's violent character and hence that the victim acted in conformity with that character trait at the time of the assault." *Id*. (emphasis in original). "In the context of proving the deceased was the first aggressor," specific acts of violence may be relevant apart from character conformity to demonstrate the deceased's intent, motive, or state of mind. *Torres*, 71 S.W.3d at 760-61; *see also Ex parte Miller*, 330 S.W.3d at 620. "Before a specific, violent act is introduced, however, there must be some evidence of a violent or aggressive act by the deceased that tends to raise the issue of self-defense and that the specific act may explain." *Torres*, 71 S.W.3d at 761. "[A] trial court is within its discretion to exclude prior violent acts if the victim's conduct was plainly aggressive." *Smith v. State*, 355 S.W.3d 138, 150-51 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Stated differently, when the victim's alleged conduct unambiguously shows that the victim was the first aggressor, evidence of prior violent acts may not be relevant apart from their tendency to show character conformity for which the prior violent acts would not be admissible. *See London v. State*, 325 S.W.3d 197, 206 (Tex. App.—Dallas 2008, pet. ref'd); *Reyna v. State*, 99 S.W.3d 344, 347 (Tex. App.—Fort Worth 2003, pet. ref'd). Accordingly, "two conditions must exist before a complainant's extraneous act will be admissible to support a claim of self-defense: (1) some ambiguous or uncertain evidence of a violent or aggressive act by the victim must exist that tends to show the victim was the first aggressor; and (2) the proffered evidence must tend to dispel the

ambiguity or explain the victim's conduct." *James v. State*, 335 S.W.3d 719, 728 (Tex. App.—Fort Worth 2011, no pet.).

In this case, the evidence unambiguously established that Juan was the first aggressor. Apart from establishing that Juan was the first aggressor, Bernadette does not suggest that the evidence in question is otherwise admissible for a non-character purpose such as motive, intent, or state of mind. Accordingly, we hold the trial court did not abuse its discretion in excluding the evidence.

## JURY CHARGE

In her brief, Bernadette raises a second issue based on the manner in which the trial court's reading of the jury charge was initially transcribed in the reporter's record. Bernadette argues that the trial court erroneously read the portion of the jury charge setting forth the burden of proof on self-defense.

In response to a motion by the State to supplement the reporter's record, this court ordered the trial court to conduct a hearing regarding the initial transcription cited by Bernadette in her brief. After the hearing, the trial court found that the initial transcription was erroneous, and that the written charge was accurately read. Bernadette does not complain on appeal about the instructions in the written jury charge, nor did she file an amended or supplemental brief raising any issue regarding the correction of the record. Therefore, based on the corrected record, we overrule Bernadette's second issue.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH